IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CONSOLIDATED FOR ALL PURPOSES**

| | |
|---|---|
| PHILIP P. MONTGOMERY, | CIVIL NO. 02-1291 MV/LFG |
| | CIVIL NO. 03-07 MV/LFG |
| Plaintiff, | |
| PAUL SAMUEL MONTGOMERY | CIVIL NO. 02-1612 MV/LFG |
| Plaintiff, | |
| vs. | |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC. et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISQUALIFY

THIS MATTER is before the Court on Plaintiff Philip Philemon Montgomery's ("Montgomery") Motion to Disqualify Discovery Judge [Doc. 124]. This is the second motion to disqualify filed in these consolidated cases as Philip Philemon's brother, Paul Samuel Montgomery, filed a similar motion [Doc. 119]. No response to this motion is necessary.

Unlike state court practice where a party may file a preemptory challenge to excuse a judge, *see, e.g.*, NMSA 1978, § 38-3-9, there is no automatic disqualification provision in federal law to excuse a federal judge. The statute providing disqualification of a federal judge for bias or prejudice, 28 U.S.C. § 144, does not command automatic disqualification. United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976); Hall v. Burkett, 391 F. Supp. 237, 240 (W.D. Okla. 1975).

To prevail under § 144, a litigant must file a timely and sufficient affidavit establishing that the judge has a personal bias or prejudice. Hinman v. Rogers, 831 F.3d 937, 938 (10th Cir. 1987).

When an affidavit to disqualify a judge is filed, the judge for whom the disqualification is sought must first pass on the sufficiency of the affidavit, compliance with the statute, and timeliness of the applicant's request. Hall v. Burkett at 240.

Montgomery filed an affidavit as required under § 144. However, the disqualification statute requires strict construction, and under § 144, an affidavit filed in support of recusal is construed against the affiant and "there is substantial burden on the moving party to demonstrate the judge is not impartial." Hinman v. Rodgers at 939. Montgomery fails to shoulder his burden of demonstration in this motion.

Montgomery's conclusion of bias is based almost entirely on his dissatisfaction with the judge's rulings. Adverse rulings, however, do not constitute grounds for disqualification. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997). Bias and prejudice must stem from an extra judicial source. In re American Ready Mix, Inc., 14 F.3d 1497, 1501 (10th Cir. 1994). Here, no extra judicial source of bias is alleged.[1] Rather, the sum total of Mr. Montgomery's complaints concerns his dissatisfaction with the Court's rulings. This simply does not constitute grounds for disqualification. Green v. Branson, nor is dissatisfaction with rulings an "extra judicial basis" for disqualification. In re American Ready Mix, Inc.

An affiant's bare conclusions concerning bias are insufficient. Rather, "[t]he affidavit must state with required particularity the identifying acts of time, place, persons, occasion and circumstances" necessitating recusal. "[C]onclusions . . . beliefs, and opinions are not sufficient to form a basis for disqualification. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). Here, the

---

[1] The only "non-judicial" source of bias even referred to appears on page 7 of the affidavit, which states, "I understand that the counsel for the defendants has known Judge Garcia for a number of years. I do not know the extent of their friendship. However, from my viewpoint, the communications between Judge Garcia and the counsel for the defendants appears to be cordial with expected professional courtesy."

2

only "time, place, persons, occasions and circumstances" noted all have to do with court rulings. Montgomery expresses dissatisfaction with the Court's order consolidating cases; with the Court granting or denying extensions of time within which to respond to certain motions; with the Court not requiring responses to certain motions; and with the Court striking certain pleadings.[2]

Other concerns raised by Montgomery, i.e., not being allowed access to a federal court library or that the libraries he did use were inadequate, are not acts attributable to the magistrate judge.

Finally, to disqualify a judge under 28 U.S.C. § 144, the affidavit must be timely. In this case, it is not. The undersigned magistrate judge was assigned this case on February 25, 2003. Montgomery's motion to disqualify was not filed until July 3, 2003, five months after the magistrate had been assigned this case. The disqualification statute provides that the affidavit is to be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 U.S.C. § 144. Although formal terms of court have been abolished and the literal ten-day requirement is no longer applicable, courts nevertheless require a party to exercise diligence in filing the affidavit. Pomeroy v. Merritt Plaza Nursing Home, Inc., 760 F.2d 654, 658 (5th Cir. 1985); In Re Bokum Resources Corp., 26 B.R. 615, 620-21 (D.N.M. 1982).

In construing this timeliness requirement, the Tenth Circuit held in Payne v. EEOC, 242 F.3d 390 (Table, Text in Westlaw), No. CIV 00-2021, 2000 WL 1862659 at *2 (10th Cir. Dec. 20, 2000):

> [T]he party seeking recusal must act in a timely fashion to request recusal, and a recusal motion is considered untimely when the objecting party delays filing until interlocutory matters are adversely ruled upon. Singer v. Wadman, 745 F.2d 606, 608 (10th Cir. 1984).

---

[2] No appeals were taken by Montgomery from any order entered by the Court.

Such is the case here. Montgomery has "tested the judicial waters" by requesting that the Court grant discretionary relief. Montgomery did not file his request for disqualification until after the magistrate judge issued rulings adverse to him. Under these circumstances, the affidavit filed five months after the was assigned is untimely.

In construing the disqualification statute strictly, and in construing the affidavit against the affiant, and affording the presumption of impartiality, the Court concludes that the motion is not well-taken.

Just as there is a duty to recuse when there exists a statutory reason for doing so, there is an equally compelling duty for a judge to hear and decide a case when no statutory reason exists that would compel recusal. <u>Hinman v. Rogers</u> at 939. In this case, there exists no statutory reason that warrants recusal.

Mr. Montgomery's motion is not well-taken and is therefore denied.

IT IS SO ORDERED.

                                                */s/ Lorenzo F. Garcia*
                                                Lorenzo F. Garcia
                                                Chief United States Magistrate Judge